UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG - 5 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

|   |   |
|---|---|
| HARRY NIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-01229 (UNA) |
| | ) |
| GOVERNMENT OF THE UNITED STATES OF AMERICA, | ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed an initiating pleading, Dkt. 1 ("Pldg."), and application for leave to proceed *in forma pauperis* ("IFP"), Dkt. 2, on May 3, 2021, but did not file a six-month trust accounting, as required by 28 U.S.C. § 1915(a)(2). The screening court, *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), entered an order on May 26, 2021, directing Plaintiff to submit the required financial information within 30 days. *See* Order, Dkt. 3. Plaintiff has now submitted the required financial information, *see* Dkt. 5, so the Court will grant Plaintiff's IFP application but dismiss the initiating pleading, *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 8(a) & 12(h)(3).

Plaintiff, who was convicted in Virginia state court, is currently in the custody of the Virginia Department of Corrections. *See* Pldg. at caption, 1, 10; *see generally* Pldg. Exhibits, Dkt. 1–1. He indicates his intent to file "an independent action . . . pursuant to the Savings Clause, [and] Rule 60(b)," *id.* at 1, for the purpose of consenting determinations made by several federal judges. *Id.* But he names the United States as the sole defendant, presumably under some theory of vicarious liability. *See id.* at caption, 1–8. He alleges that these judges "committed fraud upon the court[,]" *id.* at 1, and violated his constitutional rights, *see id.* at 1, 6–8, by issuing biased "void

1

rulings," *see id*.  He asks this Court to "set aside" these prior judgments, release him from custody, and "expunge and nullify" his criminal record.  *Id.* at 1, 8, 10.

Rule 8(a) of the Federal Rules of Civil Procedure requires an initiating pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The instant pleading falls within this category.

Plaintiff also asks this court to revisit determinations of other federal courts, which it may not do.  *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).  To the extent

that Plaintiff seeks relief under Federal Rule 60(b), he must seek reconsideration the actual given matters, rather than by filing entirely new litigation.

Finally, insofar as Plaintiff continues to demand his release by challenging his convictions in the Virginia courts, he has no recourse in this district. Under 28 U.S.C. § 2254, a federal court may review a statute conviction, but only after Plaintiff exhausts available state remedies. *See id.* § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [plaintiff] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). So if Plaintiff has exhausted his state remedies, his federal resources lies in the United States District Court for the Eastern District of Virginia.

For those reasons, this case will be dismissed. Plaintiff's motion to appoint counsel, Dkt. 4, and motion for recusal, Dkt. 7, are denied as moot. A separate order accompanies this memorandum opinion.

DATE: August 3, 2021

CARL J. NICHOLS
United States District Judge

3